———, *for appellee.*

---

JOHN A. DUGAN *v.* W. W. ROBINSON, ETC.

**Limitation of Actions—Reservation as to Persons Under Disability.**

Under ch. 63, R. S. 1865, limiting the right of action relating to real estate to 15 years, but reserving to persons under disability three years after the removal of disability to commence action, an infant who did not commence action within three years from the time of his arrival at age is barred from maintaining an action.

APPEAL FROM KENTON CIRCUIT COURT.

January 18, 1873.

OPINION BY JUDGE PETERS:

In January, 1850, Abram Powell sold by executory contract to Eli I. Rusk a lot or parcel of land situated in the city of Covington. In the spring of 1850 Rusk inclosed the land contracted for, and in doing so, as alleged, he included a strip, or small piece, of Powell's land within his inclosures.

In December, 1851, Powell, the vendor, was adjudged a lunatic and died a lunatic in 1854. Martin, his committee, in 1853 conveyed the land to Rusk, under a judgment of the Kenton Circuit court authorizing him to do so.

This action, in the nature of an action of ejectment, was brought by the heirs of Powell against Dugan, the tenant in possession claiming the same, to recover the strips of land which they assert Rusk inclosed without right. The action was brought on the 25th of November, 1868, nearly nineteen years after Rusk inclosed it.

On the trial in the court below a verdict and judgment were rendered in favor of the plaintiffs, and the defendant has appealed to this court.

It is admitted by counsel for appellant that the evidence as to the location of the dividing line between the parties is even *"contradictory"*; the only ground, therefore that can be relied on for a reversal of the judgment necessarily must be that the court below erred in giving the instruction asked by appellees, and in refusing the one asked by appellant.

For appellees the court instructed the jury in substance that if they believed from the evidence that the plaintiff named as such in the petition are the only children and heirs of Abram Powell, deceased, and that said Powell died in 1854, leaving all of said children infants under the age of twenty-one years, and that the land in controversy, or any part of it, was reserved by said Powell or his *trustee* in the deed to Patton, and was not conveyed by said Powell, or his trustee to E. I. Rusk, they must find for the plaintiffs the land in controversy, or such part thereof as they find was reserved and not conveyed.

Appellant asked the court to instruct the jury in effect that if they believed Rusk inclosed the land in controversy in 1850, and he

and those claiming under him had been in possession of the same ever since claiming it as their own, they must find for the defendant, which was refused.

In 1850, when Rusk entered and took possession, the limitation act of 1796 was in force, limiting the right of action for the recovery of real estate to twenty years from the time the cause of action accrued, provided that if any person or persons entitled to such writ or writs or to such right or title of entry as aforesaid, shall be, or were under the age of twenty-one years, *feme covert, non compos mentis,* imprisoned, or not within this commonwealth at the time such right or title accrued or coming to them, every such person and his or her heirs shall and may, notwithstanding the said twenty years are or shall be expired, bring and maintain his action, or make his entries within ten years, afterwards changed to three, next after such disabilities have been removed, or death of the person so disabled, and not afterwards. 2 Statute Law of Ky. 1125.

At the death of Powell his children and his heirs were all under the disability of infancy, as the evidence shows, which occurred in 1854. It must be conceded that the lunacy of the ancestor did not stop the running of the statute, nor did the infancy of his children and heirs at the time the descent was cast upon them.

At that time the Revised Statutes had been adopted, but the provisions of Chapter 63, entitled Limitation of Actions and Suits, 2d Vol., p. 123, did not apply to suits or actions already commenced; nor to cases in which the right of action had already accrued. But by an amendment of Chapter 63 of the Revised Statutes of May 31, 1865, which took effect the 31st of May, 1866, it was provided that the provisions of said Chapter 63 of the Revised Statutes shall extend to and embrace all cases, whether the right of action accrued before or after the Revised Statutes took effect. Myer's Supp. 295.

The statute of limitation commenced running at the time Rusk inclosed the land not covered by his purchase, because a right of action then accrued to the father of appellees, and he labored under no disability; and as the law then was twenty years was the bar; but the retroaction statute of the 31st of May, 1865, *supra,* cut down the limitation to fifteen years, saving, however, three years to appellees after they respectively arrived at age, as they were *all* laboring under the disability of infancy at the death of their father,

within which to bring their action; but if one or more of them had attained the age of twenty-one years three years before the action was brought, the statute presented a bar to his or their right, and the court below should have qualified the instruction given for appellees to conform to this view and the unqualified instruction given at the instance of appellees was therefore erroneous.

Wherefore the judgment is *reversed* and the cause is remanded for a new trial and for further proceedings consistent herewith.

*Furber, for appellant.*

*Carlisle, Foote, for appellee.*